# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2017

Lyle W. Cayce
Clerk

AMAR KANTI-DEY,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 160 904

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Amar Kanti-Dey petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). This court reviews the order of the BIA and will consider the underlying decision of the IJ to the extent it was relied upon by the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593-94

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2007); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Because the BIA did not adopt the IJ's determinations that Kanti-Dey was not targeted because he was a Hindu and that Kanti-Dey could reasonably relocate within Bangladesh, we will not review those aspects of the IJ's decision. *Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

We review the immigration courts' rulings of law de novo and their findings of fact for substantial evidence. *See Zhu*, 493 F.3d at 594. Under the substantial evidence standard, reversal is improper unless this court decides "'not only that the evidence supports a contrary conclusion, but also that the evidence compels it.'" *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted).

Kanti-Dey did not exhaust his arguments that (1) the BIA erroneously adopted the flawed reasoning of the IJ; (2) the BIA and IJ failed to consider whether his fear of future persecution was objectively reasonable; and (3) the IJ had a duty to develop the factual basis for his claims given his pro se status. *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009). Accordingly, we may not consider them. *Id.*; 8 U.S.C. § 1252(d)(1).

Substantial evidence supports the finding by the BIA and the IJ that the threats and assault Kanti-Dey suffered were insufficient to establish that he had suffered past persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004); *Mikhael*, 115 F.3d at 304. Substantial evidence also supports the finding by the BIA and IJ that Kanti-Dey failed to demonstrate a well-founded fear of future persecution so as to entitle him to asylum. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). The threats and assault were not carried out under government sanction. *Adebisi v. INS*, 952 F.2d 910, 913-14 (5th Cir. 1992). Moreover, Kanti-Dey admitted that family members continue to live in Bangladesh unharmed, which diminishes the reasonableness of

No. 16-60305

Kanti-Dey's fears of future persecution. *See Eduard,* 379 F.3d at 193. Because Kanti-Dey cannot meet the requirements for asylum, he has failed to establish the more stringent standard for withholding of removal. *See id.* at 186 n.2.

Finally, because Kanti-Dey has not presented credible evidence showing that it is more likely than not that he will face torture if he is returned to Bangladesh, he has not shown eligibility for relief under the CAT. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006).

Accordingly, Kanti-Dey's petition for review is DISMISSED IN PART and DENIED IN PART.